IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK10-81423-TJM |
| | ) | A10-08057-TJM |
| PAULINE B. BORROMEO, | ) | |
| | ) | CH. 13 |
| Debtor(s). | ) | |
| | ) | |
| PAULINE B. BORROMEO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| HOUSEHOLD FINANCE CORPORATION III, HSBC; AND SOLSTICE CAPITAL GROUP, INC., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

ORDER

Hearing was held in Omaha, Nebraska, on February 13, 2012, regarding Fil. #32, Motion for Sanctions, filed by the plaintiff, and Fil. #35, Objection, filed by defendant Household Finance Corporation III, HSBC, and defendant Solstice Capital Group, Inc. Ann McShane appeared for the plaintiff and Craig Knickrehm and Joel Carney appeared for the defendants.

The plaintiff has filed a motion for sanctions requesting that the defendants be precluded from submitting any testimony or evidence at trial and the defendants be precluded from submitting any documentary evidence at trial. In addition, Plaintiff requests the defendants to pay plaintiff's attorney fees. This motion for sanctions is related to a set of interrogatories and requests for production of documents submitted by the plaintiff to the defendants.

The attorney who initially submitted the interrogatories and requests for admissions on behalf of the plaintiff, after receiving certain objections and responses, left the employ of the plaintiff's law firm and new counsel did not enter on behalf of the plaintiff for several weeks. The initial attorney working on behalf of the defendants, after submitting some responses, left the employment of the law firm and another attorney within the law firm took over.

Federal Rules of Civil Procedure 33 and 34, made applicable in adversary proceedings by Federal Rules of Bankruptcy Procedure 7033 and 7034, describe and limit the number of interrogatories that are authorized to no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(2). The defendants responded to many of the interrogatories by objecting to them for a variety of reasons. The same appears to be true for the responses to the requests for production of documents.

Nonetheless, the defendants did provide hundreds of pages of documents contained on a CD, apparently without an indexing system indicating to which request or interrogatory they were responsive. In addition, the defendants responded to a number of the interrogatories and requests in the following manner: "The answer may be derived or ascertained from the documents produced

in response to the motion for production of documents." That answer dealt with requests for identification of specific people involved in the transaction which is the subject matter of the lawsuit.

Finally, no representative of the defendants, other than the attorney, signed either the answers to the interrogatories or the responses to the requests for production of documents. Rule 7033(b) gives detailed instructions as to the appropriate manner to respond to interrogatories. The rule provides, among other things, that objections must be stated with specificity and the person who is providing the answers must sign them.

Neither party has requested the court to rule upon the objections filed by the defendants and the court will not do so until and unless requested.

The request for sanctions basically is a request to grant the plaintiff total relief by refusing to allow the defendants to participate in any trial of this matter. That relief is much too extreme under this record.

The defendants are ordered to fully answer those interrogatories to which they have not filed a specific objection. Responses such as referred to above concerning requiring the plaintiff to inspect all the documents and derive or ascertain answers from those documents are simply unacceptable. If there is a specific document that shows on its face individuals or entities who participated in solicitation, preparation, execution, or distribution of the note and deed of trust, those people should be identified. Vague references to the documents produced will not suffice.

If counsel for the plaintiff is correct that the documents produced are not specifically tied to a numbered interrogatory or a numbered request for production, the defendants shall fix that problem.

An appropriate authorized officer or employee of each of the defendants must sign the answers to the interrogatories.

Counsel for the plaintiff, both the original counsel and current counsel, are somewhat as responsible for this discovery problem as is counsel for the defendants. It is clear that the number of interrogatories and subparts are far in excess of the 25 allowed by the rule. The use of boilerplate subparts invites some of the type of objections the defendants have responded with.

Either party may request a hearing on the objections to the interrogatories. No such hearing will be held until and unless the court is informed that the defendants have complied with the terms of this order.

Discovery disputes are a waste of time and money. Counsel are requested to work together professionally to head off any further necessity for a motion to compel or motion for sanctions.

IT IS ORDERED that the Motion for Sanctions, Fil. #32, is denied.

DATED:     February 24, 2012

                                        BY THE COURT:

                                        /s/ Timothy J. Mahoney
                                        United States Bankruptcy Judge

Notice given by the Court to:
    *Ann McShane
    Craig Knickrehm
    Joel Carney
    Kathleen Laughlin
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.