IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| PAULINE B. BORROMEO, ) | |
| ) | CASE NO. BK10-81423-TJM |
| Debtor(s). ) | A10-8057-TJM |
| PAULINE B. BORROMEO, ) | |
| ) | |
| Plaintiff, ) | CHAPTER 13 |
| ) | |
| vs. ) | |
| ) | |
| HOUSEHOLD FINANCE CORPORATION III ) | |
| and SOLSTICE CAPITAL GROUP, INC., ) | |
| ) | |
| Defendants. ) | |

ORDER

Hearing was held on August 13, 2012, on the defendants' motion to quash notice of Rule 30(b)(6) depositions or in the alternative for a protective order (Fil. No. 50) and objection by the plaintiff (Fil. No. 51). Anne C. McShane appeared for the debtor and Craig A. Knickrehm appeared for the defendants.

The motion is denied.

I. Background

Ms. Borromeo refinanced her mortgage loan in 2007 after being contacted by Solstice Capital Group, Inc. The new loan allegedly increased substantially the balance of her mortgage, consolidated other loans, included a cash payment to the borrower, and increased her monthly payments. In 2008, Ms. Borromeo lost her job. She attempted to obtain a loan modification from Household Finance Corporation III as a result of her reduced income, but the company denied her requests. In 2009, the company began foreclosure proceedings. In May 2010, Ms. Borromeo filed the bankruptcy petition in the underlying Chapter 13 case.

In this adversary proceeding, Ms. Borromeo claims that Solstice failed to disclose to her the finance charge, the amount financed, and the annual percentage rate of the loan, in violation of the Truth in Lending Act. She also claims that Solstice, and Household Finance Corporation III as its assignee, committed (1) fraudulent misrepresentation by inducing her to rely on a fraudulent appraisal grossly overstating the value of her home; (2) negligent misrepresentation by failing to exercise reasonable care or competence in supplying her with information regarding the value of her home; (3) breach of fiduciary duty by causing an agent of Solstice to establish a special relationship with her and influence her to commit to the refinance based on the false appraisal; and (4) Real

Case 10-08057-TJM    Doc 58    Filed 08/31/12    Entered 08/31/12 12:15:29    Desc Main
                            Document      Page 2 of 5

Estate Settlement Procedures Act ("RESPA") violations by refusing to respond to her written requests for information about the loan. Ms. Borromeo wants the court to declare the deed of trust void and award her damages and costs.

Discovery disputes have occurred for more than a year. The one presently before the court concerns the appropriate location for the deposition of the defendants, as well as the scope of the testimony sought.

## II. Location

The court, for good cause, may issue a protective order specifying terms, such as time and place, for the discovery. Fed. R. Civ. P. 26(c)(1)(B) (incorporated by Fed. R. Bankr. P. 7026); Thompson v. Sun Oil Co., 523 F.2d 647, 650 (8th Cir. 1975). The party requesting the protective order bears the burden of establishing good cause. Iowa Beef Processors, Inc. v. Bagley, 601 F.2d 949, 954 n.5 (8th Cir. 1979). The court has great discretion in determining the location of a deposition, after considering the facts and equities of the case. Thompson, 523 F.2d at 648; Turner v. Prudential Ins. Co., 119 F.R.D. 381, 383 (M.D.N.C. 1988). Here, the debtor seeks to depose the defendants' representatives in her counsel's office in Omaha, Nebraska, while the defendants prefer to hold the depositions at their place of business in Florida.

The deposition of a corporation through its agents and officers ordinarily should occur at the corporation's principal place of business. 8A Charles Alan Wright et al., Federal Practice and Procedure Civil § 2112; Rapoca Energy Co., L.P. v. AMCI Export Corp., 199 F.R.D. 191, 193 (W.D. Va. 2001); Resolution Trust Corp. v. Worldwide Ins. Mgmt. Corp., 147 F.R.D. 125, 127 (N.D. Tex. 1992), aff'd, 992 F.2d 325 (5th Cir. 1993). Nevertheless, the court may order the deposition to take place elsewhere if factors of cost, convenience, and litigation efficiency favor a different location. New Medium Tech. L.L.C. v. Barco N.V., 242 F.R.D. 460, 466 (N.D. Ill. 2007). Factors to consider when determining whether another location for the deposition is appropriate include (1) the location of counsel for both parties; (2) the size of the corporation and the regularity with which its executives travel; (3) the availability of the forum court to resolve discovery disputes; and (4) the nature of the claim and the relationship of the parties. The expense involved is also a significant factor. Nat'l Cmty. Reinvestment Coal. v. NovaStar Fin., Inc., 604 F. Supp. 2d 26, 31–32 (D.D.C. 2009) (citing Turner v. Prudential Ins.).

In this case, the factors weigh in favor of the plaintiff. First, both parties have counsel in Omaha, Nebraska. At the hearing on this motion, counsel for the defendants said he did not know who would represent the defendants if the depositions were held in Florida, but it may be his firm, in which case the defendants would incur travel costs regardless of where the depositions occur.

Second, the defendants' size and the travel habits of their executives are not part of the record, but the correspondence between the parties indicates the debtor anticipates deposing no more than two representatives of the defendants. Requiring at most one person from each defendant to travel to Nebraska would not be oppressive. Moreover, according to the records of the Nebraska Secretary of State, Household Finance Corporation III's officers and principal office are located in

Illinois, so the company's investment in traveling to Omaha for depositions potentially may be fairly economical, or at least less than the cost of going to Florida for depositions.

Third, this is not the first time the court has had to address a discovery issue in this case. The details of the present motion do not inspire confidence in the parties' ability to cooperate civilly on future discovery disputes. The possible, if not probable, need for the court to be available to resolve discovery disputes that arise during the deposition is a valid reason to order the deposition to occur in the forum where the lawsuit is pending. Rotoworks Int'l Ltd. v. Grassworks USA, LLC, Case No. 07-5009, 2007 WL 2680556 at *4 (W.D. Ark. Sept. 7, 2007). While the court could likely rule on any disputes telephonically, negating the need to be in the same location as the parties, this factor favors the plaintiff when considered with the totality of the other factors.

Fourth, the issues raised by the plaintiff are, sadly, not uncommon for many homeowners at this time. Alleged mortgage fraud is an issue of national concern, and it is an issue of very personal concern to this debtor. The vast disparity in power and resources between the parties should not cause Ms. Borromeo to be deprived of the opportunity to prepare and pursue her case. The debtor is a woman in her 70s who subsists on Social Security benefits and qualifies for Legal Aid assistance. While the defendants complain of "burdensome costs," great[] inconvenience," and the "severe[] undermin[ing]" of an efficient litigation process if they are forced to come to Omaha, those difficulties are outweighed by the hardships to the debtor if the depositions were to proceed out of state. The facts and equities of this case support the exercise of the court's discretion in favor of the plaintiff in ordering the depositions to occur in Omaha, Nebraska.

## III. Scope

The notices of deposition provided to each defendant list 23 topics on which the plaintiff intends to seek testimony. The plaintiff plans to examine the details underlying the mortgage refinance transaction at issue here, including the appraisal, as well as inquire into the defendants' policies concerning predatory lending practices, their document retention policies, and their involvement in similar lawsuits. The defendants seek to quash the requests, characterizing much of the information sought as irrelevant or overly broad.

The procedural rules permit liberal discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense - including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1) (applicable via Fed. R. Bankr. P. 7026).

Relevance, for discovery purposes, is broadly construed. Johnson v. Kraft Foods N. Am., Inc., 236 F.R.D. 535, 541 (D. Kan. 2006). A discovery request should be considered relevant if the information sought could in any way possible be relevant to the subject matter of the lawsuit. In re Petersen, 222 B.R. 382, 385 (Bankr. M.D. Fla. 1998).

According to the plaintiff, the ownership of the promissory note has yet to be established, so there is a question as to whether these defendants even have a claim against the property. The plaintiff is also challenging the extent and validity of the claim, arguing that she was prevailed upon to sign the new note and deed of trust by an agent of the defendants who used their shared cultural background and the debtor's native language to induce her to accept a large loan on an over-valued house. The plaintiff suspects she was not the only victim of such practices.

Most, if not all, of the plaintiff's topics appear to be focused on ascertaining the facts underlying the refinance and the defendants' conduct – both ideally, as identified in corporate policies, if any, and actually, as experienced by Ms. Borromeo and any other plaintiffs with similar complaints – in such transactions. Such facts would shed light on the substance of the plaintiff's claims. While defendants can be protected from discovery that is annoying, embarrassing, oppressive, or unduly burdensome or expensive, no showing has been made that any of these deposition topics should be characterized as such. The party seeking protection from a discovery request must submit a particular and specific demonstration of fact, rather than stereotyped and conclusory statements. Kennerty v. Carrsow-Franklin (In re Carrsow-Franklin), 456 B.R. 753, 755-56 (Bankr. D.S.C. 2011). At most, it appears the defendants here simply don't want to be bothered with preparing and sharing this information. Because the plaintiff is seeking information considered relevant under Rule 26 as a legitimate part of her trial preparation, the court is not inclined to place limitations on the scope of the discovery testimony at this point. Id. at 759. The motion to quash is denied.

## IV.  Conclusion

The depositions should be held in Omaha, Nebraska, and the plaintiff may inquire about any of the topics listed in the deposition notices.

IT IS ORDERED: The defendants' motion to quash notice of Rule 30(b)(6) depositions or in the alternative for a protective order (Fil. No. 50) is denied.

DATED:  August 31, 2012

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
    Anne C. McShane

  *Craig A. Knickrehm
  U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.